IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　　**PLAINTIFF**

v.　　　　　　　　**Case No. 4:18-cr-00173 KGB**
　　　　　　　　　**Related Case No. 4:20-cv-915 KGB**

**JESSIE LEE THOMAS**　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

**ORDER**

Before the Court is defendant Jessie Lee Thomas's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. No. 58). The government responded in opposition to the motion (Dkt. No. 64). For the following reasons, the Court denies the motion (Dkt. No. 58).[1]

**I.     Procedural Background**

Mr. Thomas initially was charged by indictment with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a defaced firearm by a felon in violation of 26 U.S.C. § 5861(d) (Dkt. No. 1). Mr. Thomas waived indictment and permitted the United States to proceed by the filing of a superseding information (Dkt. No. 25). The United States filed a superseding information on July 11, 2019, in which it alleged that Mr. Thomas had "previously and knowingly" been convicted of one or more listed felonies and that he had possessed a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 26). The superseding information also alleged that he had possessed a defaced firearm in violation of 26 U.S.C. § 5861(d) (*Id.*).

---

[1] The Court has under advisement Mr. Thomas's second *pro se* motion for compassionate release and will address that motion in a separate Order (Dkt. No. 65).

On July 11, 2019, Mr. Thomas pled guilty to the charges in the superseding information; there is no written plea agreement in this case (Dkt. No. 27). As relevant here, Mr. Thomas was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), to 180 months imprisonment on the 18 U.S.C. § 922(g)(1) charge and 120 months of imprisonment on the 26 U.S.C. § 5861(d) charge, with the sentences to be served concurrently (Dkt. No. 39).

Mr. Thomas appealed to the United States Court of Appeals for the Eighth Circuit, arguing that he should not have been sentenced under the ACCA because his prior 1988 conviction for Arkansas robbery did not qualify as a predicate offense. The Eighth Circuit Court of Appeals disagreed and affirmed the judgment of conviction. *United States v. Thomas*, 811 Fed. App'x. 390 (8th Cir. 2020) (unpublished).

Mr. Thomas now asserts three grounds for relief in his current *pro se* § 2255 petition: (1) the United States failed to charge or prove that he was aware of his status as a felon at the time he possessed a firearm, required by *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019), and that as a result his guilty plea was not intelligent because he was not aware of all of the elements of the offense; (2) his prior convictions do not qualify as predicate offenses under the ACCA; and (3) he received ineffective assistance of counsel at his plea and sentencing. The Court examines each of his claims.

II.     **Legal Standard**

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)). "Like habeas corpus, this remedy 'does not encompass all claimed errors in conviction and

sentencing.'" *Id.* (quoting *United States v. Addonizio,* 442 U.S. 178, 185 (1979)).  Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Section 2255 "provides a remedy for jurisdictional and constitutional errors," but "[b]eyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'"  *Sun Bear,* 688 F.3d at 704 (internal quotation and citation omitted); *accord Walking Eagle v. United States,* 742 F.3d 1079, 1081–82 (8th Cir. 2014) ("'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" (quoting *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996))).

Where an issue was raised, considered, and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241."  *United States v. Rhodes,* 730 F.3d 727, 731 (8th Cir. 2013).  Also, where a claim was not raised on direct appeal, it generally may not be raised in a § 2255 motion.  *Walking Eagle,* 742 F.3d at 1082.  A petitioner may overcome "procedural default" from failure to raise a claim on direct appeal, however, if the petitioner establishes both "'cause for the procedural default and actual prejudice resulting from the error.'"  *Id.* (internal quotation and citation omitted).

3

"'Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.'" *Id.* (quoting *Apfel,* 97 F.3d at 1076). Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States,* 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

### III.    Whether To Conduct An Evidentiary Hearing

The standard for an evidentiary hearing is often of considerable importance in § 2255 proceedings. As the Eighth Circuit Court of Appeals recently explained:

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists.". . . . "The district court is not permitted to make a credibility determination on the affidavits alone."

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014) (internal citations omitted). "'Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" *Franco v. United States,* 762 F.3d 761, 763 (8th Cir. 2014) (internal citation and quotation omitted).

However:

> [The district court] may. . . deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."

4

*Sellner*, 773 F.3d at 929–930 (internal citations omitted); *accord Anderson v. United States,* 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco,* 762 F.3d at 763; *Winters v. United States,* 716 F.3d 1098, 1103 (8th Cir. 2013).  On the record before it, this Court declines to conduct a hearing on Mr. Thomas's § 2255 petition because his allegations cannot be accepted as true because they are contradicted by the record and are conclusions rather than statements of fact.

## IV.    Claims

### A.    *Rehaif* Based Claim

In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held that in the prosecution for possession of a firearm by a felon under 18 U.S.C. § 922, the government must prove both that the defendant possessed the firearm and that the defendant was aware of his or her status as a felon at the time he or she possessed the firearm.  Mr. Thomas contends that the United States failed to do so and that his guilty plea to the charge of felon in possession of a firearm was not intelligent because he was not aware of all elements of the offense.  The Court rejects his argument.

Mr. Thomas waived indictment and permitted the government to proceed by the filing of a superseding information (Dkt. Nos. 26; 27).  The government pled in the superseding information that Mr. Thomas had previously and knowingly been convicted of one or more of the nine felony offenses listed in the superseding information, and counsel for the government stated during the plea hearing that, if the matter were to proceed to trial, the government would produce evidence that Mr. Thomas was aware of his status as a felon at the time he possessed the firearm (Dkt. Nos. 26; 49, at 14-15).  Further, Mr. Thomas admitted at the plea hearing that he knew at the time he possessed the firearm that he had previously been convicted of offenses punishable by more than one year in prison (*Id.*, at 16).  The requirements of *Rehaif* were satisfied here.

The Court also rejects Mr. Thomas's argument that his plea was not intelligent. Mr. Thomas had clearly been informed of the nature of the charges against him through the waiver of indictment, the government's filing of the superseding information, and as a result of the government counsel's statements at the plea hearing. Mr. Thomas admitted at the plea hearing that he was aware of his status as a felon. His plea of guilty was voluntary and intelligently made. *Bousley v. United States*, 523 U.S. 614, 618 (1989) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).

The Court rejects any suggestion that Mr. Thomas is entitled to relief based on a claim he was unaware that he could not possess a firearm as a felon. *United States v. Hattix*, Case No. 8:17CR209, 2019 WL 4888971, at *1 (D. Neb. Oct. 3, 2019) (quoting *Cheek v. United States*, 498 U.S. 92, 201 (1991)) (determining that ignorance of the law or mistake of law is no defense to criminal prosecution).

### B.    Armed Career Criminal Claim

Mr. Thomas contends that he should not have been sentenced as an armed career criminal under the ACCA because he claims that his prior felony convictions do not qualify as predicate offenses under the ACCA. 18 U.S.C. § 924(e)(1). Mr. Thomas was determined to be an armed career criminal at sentencing based on his prior convictions for the sale or delivery of marijuana, robbery, and possession of methamphetamine with purpose to deliver (Dkt. No. 50, at 3-4). Mr. Thomas asserts that these convictions do not qualify as predicate offenses under the ACCA in the light of *Johnson v. United States*, 576 U.S. 591 (2015).

Mr. Thomas's claim that his two prior drug offenses do not qualify as predicate offenses is procedurally barred. A petitioner may seek relief under 28 U.S.C. § 2255 for errors that could have been raised at trial or on direct appeal "if the petition shows cause for the default and resulting

6

prejudice." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). However, "the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal." *Id.* "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Id.* Mr. Thomas raised on direct appeal whether his robbery conviction qualified as a predicate offense. Mr. Thomas did not raise on direct appeal whether his drug convictions qualified as predicate offenses. Mr. Thomas could have raised this claim at sentencing and on direct appeal. Further, the claim is neither a constitutional nor a jurisdictional claim. Therefore, Mr. Thomas is precluded from raising his claim about his two prior drug offenses in this § 2255 petition.

Because Mr. Thomas raised on direct appeal whether his robbery conviction qualified as a predicate offense, he may not raise that claim now in his § 2255 petition. The Eighth Circuit Court of Appeals disagreed with Mr. Thomas's arguments on direct appeal and affirmed the judgment of conviction. *United States v. Thomas*, 811 Fed. App'x. 390 (8th Cir. 2020) (unpublished). Where an issue was raised, considered, and rejected on the merits on direct appeal, it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255. *Rhodes,* 730 F.3d at 731.

### C.     Ineffective Assistance Of Counsel Claim

Mr. Thomas argues that he received ineffective assistance of counsel during his plea and sentencing because his counsel was unaware of the decisions in *Rehaif* and *Johnson* (Dkt. No. 58, at 9-10). To establish a claim of ineffective assistance of counsel, Mr. Thomas must demonstrate: (1) that his attorney's performance was deficient and outside the range of reasonable professional assistance, and (2) that he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that, but for counsel's error, the result of the proceeding would

have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984); *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

There is nothing in the record to indicate that Mr. Thomas's counsel was unaware of the decisions in *Rehaif* and *Johnson*. The Court addresses in this Order Mr. Thomas's *Rehaif* argument and rejects it. The Supreme Court in *Johnson* held that the ACCA's residual clause is unconstitutional. *Johnson v. United States*, 576 U.S. 591 (2015). In this case, Mr. Thomas's counsel at his plea and on appeal was an experienced Federal Public Defender who challenged this Court's finding that Mr. Thomas was an armed career criminal under the ACCA at the time of sentencing (Dkt. No. 37) and on a direct appeal to the United States Court of Appeals for the Eighth Circuit based on Mr. Thomas's prior robbery conviction (Dkt. No. 42), but Mr. Thomas's appeal was denied because the Eighth Circuit Court of Appeals held that "Arkansas robbery satisfies the elements clause to qualify as a violent felony under the ACCA." *See United States v. Thomas*, 811 Fed. App'x 390, 391 (8th Cir. 2020). Mr. Thomas's attorney's performance was not outside the range of what was reasonable.

Further, there is no evidence on this record that but for counsel's performance Mr. Thomas would have proceeded to trial. Mr. Thomas pled guilty to the violation of 18 U.S.C. § 922(g)(1) and admitted to all of the elements of that offense, including that he was aware of his status as a

felon at the time that he possessed the firearm. At the plea hearing, United States District Judge Leon Holmes[2] explained to Mr. Thomas that if he plead guilty on Count 1 and if it was found that he had three or more prior convictions for a crime of violence or a controlled substance offense under the statute, then his term of imprisonment would be a minimum of 15 years and could be a maximum of life (Dkt. No. 49, at 8, 14). Mr. Thomas had several prior convictions, at least three of which qualified as predicate offenses under the ACCA, and Mr. Thomas still opted to plead guilty. Mr. Thomas received a sentence of 15 years; the minimum sentence available under the ACCA for this offense. Mr. Thomas has not established that, but for his counsel's performance, he would not have pleaded guilty and insisted on going to trial or that but for his counsel's alleged error there is a reasonable probability that the results of the proceeding would have been different.

V. **Certificate Of Appealability**

Mr. Thomas must make a substantial showing of the denial of a constitutional right to be granted a certificate of appealability in this case. *See Miller–El v. Cockrell,* 537 U.S. 322 (2003); *Garrett v. United States,* 211 F.3d 1075, 1076–77 (8th Cir.2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). This Court determines that

---

[2] The Honorable J. Leon Holmes presided over Mr. Thomas's waiver of indictment, entry of guilty plea, and sentencing (Dkt. Nos. 26; 27; 39; 40). Judge Holmes retired from the bench, which is why Mr. Thomas's case was reassigned (Dkt. No. 45).

Mr. Thomas's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. 22(b). Accordingly, with respect to Mr. Thomas's claim, the Court does not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Mr. Thomas wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson,* 122 F.3d 518, 520–22 (8th Cir. 1997).

### VI. Conclusion

For these reasons, the Court denies and dismisses with prejudice Mr. Thomas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. No. 58). Accordingly, the Clerk is instructed to close Case No. 4:20-cv-915. Further, the Court will not issue a certificate of appealability because Mr. Thomas has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

It is so ordered this 30th day of September, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge